UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDUL M. STANBACK, | Civil Action No. 21-19847 (FLW) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| BARRY A. WISLER et al., | |
| Defendants. | |

This matter has been opened to the Court by Plaintiff's filing of a Complaint pursuant to 42 U.S.C. §1983, as well as an application to proceed *in forma pauperis* ("IFP application"), and a motion for pro bono counsel. ECF Nos. 1, 1-3, 2. The Court will grant Plaintiff's IFP application. Federal law requires the Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, a prisoner at New Jersey State Prison, alleges that he is six feet, six inches tall and weighs 450 pounds. His current shoe size is a 19EEEE.[1] Complaint at ¶ 15. For approximately two years, Plaintiff has unsuccessfully sought to obtain shoes and clothes in his size from the commissary. The commissary does not stock his size, and prison officials have also refused to permit him to order shoes and clothes from outside vendors. *Id.* at ¶¶ 14-18. Plaintiff was apparently referred to the medical department, which provided Plaintiff a cheap pair of shoes in

---

[1] The Court notes that Plaintiff's shoe size appears to have increased over the two-year period that he has been without properly-fitted shoes.

1

May 2019; however, those shoes deteriorated within two months, and medical staff are unwilling to replace them. Specifically, Plaintiff asserts that Defendants Barry A. Wisler and Robin Miller have refused to order Plaintiff new shoes. *Id.* at ¶¶ 22, 24. Plaintiff has been without properly fitting shoes and clothes for approximately two years, and he personally notified Administrator Defendant Amy Emrich about the alleged violations through grievances and in a classification meeting. *See* Exhibit at 20, 31. Although Emrich told Plaintiff she directed commissary staff to stock items in Plaintiff's size in October 2020, Plaintiff still does not have shoes or clothes in his size. *See id.* at 31; Complaint ¶¶ 25-29.

The lack of proper footwear has made it impossible for Plaintiff to exercise or even walk and has allegedly resulted in permanent back pain/injury. *See id.* ¶¶ 26-27. Because his pants do not fit, Plaintiff is unable to ambulate or exercise. Plaintiff has also gained weight from the lack of exercise. *Id.* ¶ 28.

At this time, the Court will proceed the Eighth Amendment claims for deliberate indifference to Plaintiff's medical needs and inadequate medical care against Defendants Barry A. Wisler, Robin Miller, and Amy Emrich, as his Complaint and exhibits indicate that these Defendants had sufficient personal involvement in the denial of appropriate footwear and clothing and acted with deliberate indifference.

The Court will dismiss without prejudice the Eighth Amendment claims against Defendants Mark Mostowtt, Joseph Finnegan, Bruce Davis, Jonathan Gramp, and Borg Fathom. Section 1983 liability requires a "showing of direct responsibility" by named defendants and eschews any "theory of liability" in which defendants played "no affirmative part in depriving any[one] ... of any constitutional rights," *see Rizzo v. Goode*, 423 U.S. 362, 376–77, (1976), including theories of vicarious or *respondeat superior* liability. *See Merklin v. United States*, 788

F.2d 172, 175 (3d Cir. 1986).  Instead, "[b]ecause vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 676 (2009).  "Each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 677.

Here, neither the Complaint nor the exhibits attached to the Complaint suggests that these Defendants had any direct role in violating Plaintiff's constitutional rights. It appears that Plaintiff wrote to Administrators Davis and Gramp about the alleged violations of his rights, but there are no facts to suggest that these remote supervisory officials were involved in denying Plaintiff properly-fitting shoes or clothes. Although Defendants Mostowtt, Finnegan, and Borg responded to Plaintiff's grievances, there are insufficient facts to suggest that any of these Defendants were responsible for providing the shoes and/or clothes but failed to do so. As such, the Eighth Amendment claims for inadequate medical care and/or inadequate medical treatment are dismissed <u>without prejudice</u> as to these Defendants.

The Court will also dismiss <u>with prejudice</u> the official capacity claims for damages as to all Defendants. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

The Court will also dismiss <u>without prejudice</u> the class of one equal protection claim against all Defendants because Plaintiff has not provided sufficient facts for the Court to reasonably infer "that prison personnel targeted [Plaintiff] intentionally without a legitimate penological basis." *Chavarriaga v. New Jersey Dept. of Corrections*, 806 F.3d 210, 234 (3d Cir. 2015). The only equal protection claim available to Plaintiff is that he was arbitrarily singled out for this treatment as a "class of one." To state a claim for relief, plaintiff must at a minimum allege

3

that he "was intentionally treated differently from others similarly situated by the defendant[s] and that there was no rational basis for such treatment." *Id.* at 233 (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 243 (3d Cir.2008)); *see also Renchenski v. Williams*, 622 F.3d 315, 337–38 (3d Cir. 2010) (analyzing such a claim in the prison context). Here, Plaintiff has not provided sufficient facts suggesting that he was intentionally mistreated and has provided only vague and conclusory allegations about similarly situated individuals. As such, the class of one equal protection claim is dismissed without prejudice as to all Defendants.

The Court will also deny without prejudice the request for pro bono counsel, subject to renewal if appropriate. *See* ECF No. 2. Plaintiff contends that he is indigent, and needs a medical expert. Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*. *See Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993). The "critical threshold determination" for appointing counsel is whether the case "has arguable merit in fact and law." *See Tabron v. Grace*, 6 F.3d 147, 158 (3d Cir. 1993). In deciding whether to appoint counsel, the Court also considers the following factors: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Tabron*, 6 F.3d at 155-157.

The Court finds at this early stage that Plaintiff's case has arguable merit, and that he is indigent. Although it is possible that Plaintiff will need a medical expert, it is not clear at this early juncture. The degree of factual investigation needed and Plaintiff's ability to engage in factual investigation is also unclear at this time. Plaintiff also appears able to represent himself,

and the issues do not appear to involve complex legal issues and/or credibility determinations. As such, the Court will deny the motion for pro bono counsel <u>without prejudice</u>. Plaintiff is free to renew his motion for counsel at a later date, if appropriate.

**IT IS,** therefore, on this <u>1st</u> day of December 2021,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 1-3) is hereby **GRANTED**; and it is further

**ORDERED** that the Complaint (ECF No. 1) shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of NJSP; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its sua sponte screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act ("PLRA") provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), the Eighth Amendment claims for deliberate indifference to Plaintiff's medical needs and inadequate medical care under 42 U.S.C. § 1983 against Defendants Wisler, Miller, and Emrich shall **PROCEED** at this time; and it is further

**ORDERED** that the official capacity claims for damages are dismissed **WITH PREJUDICE** as to all Defendants; and it is further

**ORDERED** that the remaining federal claims and Defendants are dismissed without prejudice for the reasons stated in the Memorandum and Order; and it is further

**ORDERED** Plaintiff may submit an Amended Complaint within 30 days of the date of this Order to the extent he can provide sufficient facts to cure the deficiencies in his claims;[2] and it is further

**ORDERED** that the motion for pro bono counsel (ECF No. 2) is denied **WITHOUT PREJUDICE**; and it is further

---

[2] As a general matter, an amended complaint "supersedes the earlier pleading and renders the original pleading a nullity." *See Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (citing *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)). Thus, if Plaintiff submits an amended complaint, he should realize that any amended complaint will replace his original complaint.

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for each named Defendant; and it is further

**ORDERED** that Plaintiff shall complete the form for Defendants Wisler, Miller, and Emrich, and return them to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608; and it is further

**ORDERED** that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service;[3] and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

---

[3] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.

*s/Freda L. Wolfson*
Freda L. Wolfson
U.S. Chief District Judge
